SKC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Scott Goldstein, | No. CV 14-2690-PHX-DGC (BSB) |
| Plaintiff, | |
| v. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff David Scott Goldstein, who was formerly confined in the Maricopa County Fourth Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint (Doc. 1) and an Application for Deferral or Waiver of Court Fees and/or Costs and Consent to Entry of Judgment (Doc. 2). Plaintiff used Maricopa County Superior Court forms for both the Complaint and the Application for Deferral or Waiver of Court Fees.[1] Plaintiff also filed a "Request and Order for Hearing" on a Maricopa County Superior Court form (Doc. 5). The Court will dismiss this action for failure to prosecute.

---

[1] Local Rule of Civil Procedure 3.4(a) requires in part that "[a]ll complaints and applications to proceed in forma pauperis by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms." Plaintiff has not complied with this Rule. Moreover, it appears from Plaintiff's use of Maricopa County Superior Court forms that he may not have intended to file this action in this Court. If Plaintiff seeks to re-file this action in this Court, Plaintiff must file his complaint on the proper court-approved form and either pay the $350.00 filing fee and the $50.00 administrative fee or file a non-prisoner Application to Proceed in District Court without Prepaying Fees.

On December 15, 2014, the Court filed a Notice of Assignment assigning this case to the undersigned Judge, and mailed a copy to Plaintiff at his last known address at the Maricopa County Jail 4th Avenue Jail.  On December 19, 2014, the Notice of Assignment was returned to the Court as undeliverable, indicating that Plaintiff was no longer in custody.  Plaintiff has failed to file a Notice of Change of Address, or to in any way notify the Court of his whereabouts.  Accordingly, the Clerk of the Court has been unable to re-mail the copy of the Notice to Plaintiff.

Rule 3.4 of the Local Rules of Civil Procedure requires an incarcerated litigant to comply with the instructions attached to the court-approved Complaint form.  Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case."  (Information and Instructions for a Prisoner Filing Civil Rights Complaint at 2, ¶ 7).

Plaintiff has the general duty to prosecute this case.  *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978).  In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address, and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a

1  party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for
2  failure to prosecute even without notice or hearing. *Id.* at 633.

3      In determining whether Plaintiff's failure to prosecute warrants dismissal of the
4  case, the Court must weigh the following five factors: "(1) the public's interest in
5  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
6  of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
7  merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440
8  (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of
9  these factors favor the imposition of sanctions in most cases, while the fourth factor cuts
10 against a default or dismissal sanction. Thus the key factors are prejudice and availability
11 of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

12     Here, the first, second, and third factors favor dismissal of this case. Plaintiff's
13 failure to keep the Court informed of his address prevents the case from proceeding in the
14 foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth
15 factor requires the Court to consider whether a less drastic alternative is available.
16 Without Plaintiff's current address, however, certain alternatives are bound to be futile.
17 Here, as in *Carey*, "[a]n order to show cause why dismissal is not warranted . . . would
18 only find itself taking a round trip tour through the United States mail." 856 F.2d at
19 1441.

20     The Court finds that only one less drastic sanction is realistically available. Rule
21 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon
22 the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant
23 case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The
24 Complaint and this action will therefore be dismissed without prejudice pursuant to Rule
25 41(b) of the Federal Rules of Civil Procedure.

26 . . .
27 . . .
28 . . .

**IT IS ORDERED**:

(1) Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. The Clerk of Court must enter judgment accordingly.

(2) Application for Deferral or Waiver of Court Fees and/or Costs and Consent to Entry of Judgment (Doc. 2) and "Request and Order for Hearing" (Doc. 5) are **denied** as moot.

(3) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

Dated this 23rd day of February, 2015.

David G. Campbell
United States District Judge

- 4 -